# NEW YORK SUPERIOR COURT.

NATHANIEL JARVIS, Jr., agt. THE MAYOR, ALDERMEN AND
COMMONALTY OF THE CITY OF NEW YORK.

*Salary of the clerk of the court of common pleas, cannot be reduced or regulated by the board of apportionment.*

The court of common pleas is a part of the judicial system of the state, and its judges, clerks and other officers are not city or county officers within the meaning of the terms used in tax levies or other local acts pertaining solely to the city and county of New York.

Neither of these judges or officers come within the statute (*Laws of* 1871, *ch.* 583) organizing and defining the duties of the board of apportionment of the city of New York, who have power to regulate all salaries of officers and employes of the city and county governments.

Where the plaintiff brings a regular action for a balance of his salary, and prays for a judicial determination, and the enforcement of his rights according to the strict rules of law and the usual course and practice of the courts, a plea of *no appropriation* is of no greater force or effect than the plea of inconvenience would be, which an individual debtor might interpose to an action brought upon his promise or obligation.

*Special Term, April,* 1875.

DEMURRER to answer.

The plaintiff in his complaint alleged that he is, and at the times therein referred to was, the duly appointed clerk of the court of common pleas in and for the city and county of New York; that his salary was fixed, by an act of the legislature of the state, at the sum of $6,000 per annum; that he has performed and is still performing his duties as such clerk, and has been paid therefor at such rate, except from the 1st of June, 1872, to January 1, 1873, during which time his salary was reduced by action of the board of apportionment, and he was paid at the rate of $4,800 per annum; that he took this

Jarvis agt. Mayor, &c., of New York.

reduced compensation under protest, and that there is now due to him a balance of $700.

The answer contained three distinct and separate defenses, viz. :

1. That the reduction was made by the board of apportionment May 17, 1871, under authority conferred by chapter 583 of the Laws of 1871.

2. That such reduction was acquiesced in by the plaintiff, who gave a receipt in full.

3. That no other or greater sum than the amount sufficient to pay plaintiff at the reduced rate was raised or authorized to be expended during the balance of the year 1871.

The plaintiff demurred to the first and the third defenses on the ground of insufficiency.

*Elliot Sandford*, for plaintiff.

*E. Delafield Smith*, for defendants.

FREEDMAN, *J.* — The complaint alleges, and the answer by not denying admits, that the plaintiff was duly appointed clerk of the court of common pleas ; that his salary was fixed by act of the legislature at the sum of $6,000 per annum, and that he has at all times duly performed the duties of his office.

Until the year 1854 the clerk of the city and county of New York was clerk of the court of common pleas, but in that year the legislature enacted that the said court should have a clerk, to be appointed by the court, and to hold his office during the pleasure of the court, and that such clerk shall have power to appoint one or more deputies (*Laws* 1854, *ch.* 198, *section* 1).

By article 6 of the constitution, adopted in 1869, the court of common pleas was continued not only with the jurisdiction but also with the powers it then possessed. This included the power to appoint the clerk. The court is, therefore, a

part of the judicial system of the state, and its judges, clerks, and other officers, are not city or county officers within the meaning of these terms as used in tax levies or other local acts pertaining solely to the city and county of New York. Consequently neither the court, nor its clerk or any of its deputy clerks is, or can be, affected by the provision of chapter 583 of the Laws of 1871, which empowered the board of apportionment created by said act to regulate all salaries of officers and employes of the city and county governments. This was expressly decided in *Landon* agt. *The Mayor, &c., of New York* (*reported ante, p.* 318). In that case the action was brought by the plaintiff to recover part of his compensation as deputy clerk of the said court, which was withheld from him pursuant to the action of the board of apportionment. The claim extended over precisely the same period as the claim of the present plaintiff. After full consideration, MONELL, C. J., in a lengthy and elaborate opinion, came to the conclusion that the officers whose salaries were brought within the regulating power of the board of apportionment were intended to be such as formed a part of the political government of the city and county, and were connected with the legislative or executive departments of the city and county, and not such as were a part of the judicial system of the state; that the plaintiff was not an officer of either the city or county government, and that therefore the board of apportionment had no authority to reduce his salary.

This decision completely covers the question presented by the demurrer to the first defense, and hence the reduction of plaintiff's salary to the sum of $4,800 must be deemed to have been illegal.

The defendants plead as a third and separate defense that no other or greater amount than the amount sufficient to pay the said plaintiff's salary at the rate of $4,800 per annum was appropriated or authorized to be expended therefor by the said board of apportionment. The availability of this plea depends upon the existence of the power to order a

Jarvis agt. Mayor, &c., of New York.

reduction. True, the want or exhaustion of an appropriation may be successfully urged against an application for a mandamus to compel the comptroller to pay, and in the case of a contract entered into in violation of the provisions of a statute requiring a previous appropriation as a condition precedent to its validity, it constitutes even a good answer to an action brought upon such contract. But these rules do not apply to the case at bar. Plaintiff's salary is fixed by statute, and it was the plain duty of the board to raise it. Nor does the plaintiff apply to compel payment by any discretionary, extraordinary or summary process. He brought a regular action, and in it he prays for a judicial determination and the enforcement of his rights according to the strict rules of law and the usual course and practice of the courts. In such an action the plea of no appropriation is of no greater force or effect than the plea of inconvenience would be which an individual debtor might interpose to an action brought upon his promise or obligation.

The plaintiff is entitled to judgment upon the demurrer, but the defendants may have leave to amend their answer, if they should be so advised, upon payment of costs.